UNITED STATES of America,
Plaintiff—Appellee,

v.

Elmer RED EAGLE, Jr., Defendant—
Appellant.

No. 02–30187.
D.C. No. CR–01–00093–1–SEH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 3, 2003.

Decided March 13, 2003.

Before REINHARDT, W. FLETCHER, and GOULD, Circuit Judges.

MEMORANDUM *

Elmer Red Eagle, Jr. appeals his conviction of involuntary manslaughter in the death of his son. 18 U.S.C. §§ 1153(a) and 1112(a). The offense requires a reckless or wanton mental state. *See United States v. Paul,* 37 F.3d 496, 499 (9th Cir. 1994). We reverse.

Red Eagle contends that there was insufficient evidence of reckless or wanton conduct. "The Supreme Court has ... explained that the criminal law generally permits a finding of recklessness only when persons disregard a risk of harm of which they are aware." *United States v. Albers,* 226 F.3d 989, 995 (9th Cir.2000) (citing *Farmer v. Brennan,* 511 U.S. 825,

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

836–37, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). Quoting the Model Penal Code definition, we have also defined the term "recklessly" as when a person "*consciously disregards* a substantial and unjustifiable risk that the material element exists or will result from his conduct." *Albers,* 226 F.3d at 995 (emphasis added). That risk must be "of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation." *Id.* We have also stated that "wanton" is synonymous with "reckless," and involves "the conscious failure by one charged with a duty to exercise due care and diligence to prevent an injury *after the discovery of the peril . . . and being conscious of the inevitable or probable results of such failure."* *Redman v. County of San Diego,* 942 F.2d 1435, 1443 n. 10 (9th Cir.1991) (emphasis added) (quoting *Smith v. Wade,* 461 U.S. 30, 39–40 n. 8, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983)). Accordingly, a reckless or wanton state of mind requires not that a defendant should have known of a risk, but that he affirmatively did know of it and nevertheless consciously disregarded it. *See Farmer,* 511 U.S. at 836–37 (stating that difference between civil law recklessness and criminal law recklessness is distinction between objective and subjective awareness of risk).

Here, there was insufficient evidence that Red Eagle had a *subjective awareness* of the risk posed by putting his child in the bed and going to sleep with him while intoxicated, and that he *consciously disregarded* that risk. *Cf. United States v. Eric B.,* 86 F.3d 869 (9th Cir.1996) (holding that evidence demonstrated defendant's actual knowledge that firearm was loaded before shooting victim). The baby's mother, Tanya Cain, testified that she and Red Eagle regularly slept with their baby in their bed, rather than put him in a separate crib or bassinet. At most, the evidence at trial could have proven that Red Eagle *should* have been aware of a risk and acted negligently. A negligent mental state does not suffice to sustain a conviction under the federal involuntary manslaughter statute. Accordingly, it was error for the district court to deny Red Eagle's motion for acquittal.

REVERSED.

GOULD, Circuit Judge, Dissenting.

The panel majority correctly sets out the requirements for an involuntary manslaughter conviction, and then proceeds incorrectly to replace the jury's judgment with its own. There was sufficient evidence presented to the jury to sustain the conviction. This included: (1) a statement that Red Eagle, on the very evening that the tragic accident killing the infant occurred, had told his infant son's mother Tanya not to drink because Red Eagle wanted Tanya to take care of their children; (2) evidence that showed that Red Eagle removed his infant son from the care of his daughters; (3) a statement by Red Eagle's daughter Angela that she tried to take the baby from Red Eagle's bed back into her own custody but Red Eagle prevented her from doing so; and (4) a statement by Red Eagle that he consumed between thirty and forty cans of beer before sleeping with his infant son in his bed.

Reviewing the evidence presented against Red Eagle in the light most favorable to the government, a rational trier of fact could have found beyond a reasonable doubt that Red Eagle had a *subjective awareness* of the risk posed by putting his infant son in the bed and going to sleep with him while so intoxicated, and that Red Eagle *consciously disregarded* that

risk. *See United States v. Pacheco–Medi-na*, 212 F.3d 1162, 1163 (9th Cir.2000) (holding that court must review the evidence presented against the defendant in a light most favorable to the government to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt).

This case is a tragedy for Red Eagle and his family. His conviction in a sense only makes worse what is already a disheartening and tragic event. Yet, because the jury on proper instructions found that all elements of the crime of involuntary manslaughter were satisfied, our judicial power is limited, and I would affirm Red Eagle's conviction.